IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LAWRENCE M. HILL,                    §
                                     §
              Plaintiff,             §
                                     §
V.                                   §        No. 3:13-cv-3044-L-BN
                                     §
BAC HOME LOANS SERVICING, L.P.,      §
                                     §
              Defendant.             §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This action has been referred to the undersigned magistrate judge for pretrial
management pursuant to 28 U.S.C. § 636(b) and a standing order of reference. *See* Dkt.
No. 10. Defendant Bank of America, N.A. ("Defendant" or "BoA"), who is successor by
merger to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing,
L.P., has filed a Motion for Summary Judgment. *See* Dkt. No. 6. The undersigned
issues these findings of fact, conclusions of law, and recommendation that Defendant's
Motion for Summary Judgment should be granted and Plaintiff's lawsuit should be
dismissed in its entirety.

**Background**

Plaintiff Lawrence M. Hill ("Hill" or "Plaintiff") brought this lawsuit against
Defendant in state court on July 5, 2013. *See* Dkt. No. 1-3 at 2-7. Plaintiff seeks a
"declaration of the invalidity of a certain document and claim" made by Defendant "in
order to quiet title to [the Property] in which the plaintiff has a interest." *Id.* at 2.

-1-

Defendant removed the case on August 5, 2013. *See* Dkt. No. 1.

Defendant filed its Motion for Summary Judgment on December 13, 2013, *see* Dkt. No. 6, and the Court ordered Plaintiff to file his response by January 13, 2014, *see* Dkt. No. 13, which Plaintiff failed to do. The Court granted Plaintiff an additional chance to respond, extending his response deadline to February 20, 2014. *See* Dkt. No. 15. Having still filed no response despite being provided ample opportunity to do so, the undersigned will now consider Defendant's Motion for Summary Judgment without a response from Plaintiff. *See id.*

The following facts are taken from Plaintiff's Original Petition and Defendant's Motion for Summary Judgment and are undisputed. On or about February 23, 2001, Catalina Bartolo and Pedro Hernandez (the "Borrowers") obtained a loan (the "Loan") on the subject property located in Balch Springs, Texas (the "Property"). *See* Dkt. No. 1-3 at 3, 9; Dkt. No. 8-1 at 1. In connection with the Loan, Borrowers signed a promissory note (the "Note"), payable to the initial mortgage company and lender, Northstar Mortgage Corporation, *see* Dkt. No. 8-2 at 1, which was later endorsed to Defendant, *see id.* at 3; Dkt. No. 8-4 at 1-2. Borrowers also signed a Deed of Trust, pledging the Property as security for payment of the Note. *See* Dkt. No. 1-3 at 22-30; Dkt. No. 8-3 at 1-13.

The Deed of Trust was assigned to BAC Home Loans Servicing, formerly known as Countrywide Home Loans Servicing, L.P., to whom Defendant is the successor in interest. *See* Dkt. No. 8-4 at 1-2. Defendant is the current servicer of the Loan. Defendant's Deed of Trust was recorded on March 6, 2001. *See* Dkt. No.8-3 at 13.

Plaintiff has not alleged, nor is there any evidence that, the Loan has been satisfied. Plaintiff also did not allege or present evidence of a filing of a Release of Lien. Plaintiff does allege that Borrowers transferred title to him, as evidenced by a Warranty Deed dated August 10, 2012 and that the Warranty Deed was recorded in the Real Property Records of Dallas County on August 10, 2012. *See* Dkt. No. 1-3 at 3; Dkt. No. 8-5 at 4.

As the basis of his claim, Plaintiff alleges that the Deed of Trust was never recorded by Defendant – or presumably its predecessors – and that therefore a security lien in Defendant's favor was never created against the Property. *See* Dkt. No. 1-3 at 3-4. Plaintiff also states that "the person who executed the [Deed of Trust] had no title or interest in [the Property] ... and had no authority, actual or apparent, to encumber [the Property]." *See id.* at 4. Based on these allegations, Plaintiff seeks a declaration that the Deed of Trust is invalid and unenforceable and an order that it be "removed from the title to the [P]roperty ... and quieting title in the plaintiff." *Id.* Plaintiff also seeks attorneys' fees and costs. *Id.*

In its Motion for Summary Judgment, Defendant argues that Plaintiff's suit to quiet title fails as a matter of law because Plaintiff cannot establish superior title to the Property nor can he establish a defect in the existing title. *See* Dkt. No. 7 at 4-6. Defendant also argues that, because Plaintiff has no evidence to support his claims, there is no justiciable controversy and Plaintiff's declaratory judgment must fail as well. *See id.* at 6.

**Legal Standards**

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc).

The Court is required to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540

(5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment,"*Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075. Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999). The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

While the Local Rules in this district do not require the parties to submit

statements or counter-statements of undisputed facts, where the Defendant cites a fact that Plaintiff does not controvert with evidence, the Court may accept it as true. *See Eversley v. MBank of Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *Bradley v. Chevron U.S.A., Inc.*, No. 204-cv-92-J, 2004 WL 2847463, at *1 n.2 (N.D. Tex. Dec. 10, 2004).

Plaintiff has not responded to Defendant's motion for summary judgment. Plaintiff's failure to respond does not permit the Court to enter a "default" summary judgment. But the Court is permitted to accept Defendant's evidence as undisputed. *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990). Moreover, Plaintiff's failure to respond means that he has not designated specific facts showing that there is a genuine issue for trial on any of his claims. "A summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). The fact that Plaintiff is litigating this case *pro se* does not alter this rule, because

> [t]here is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention. It is not unjustifiably onerous to require *pro se* parties to respond to proper motions for summary judgment. All summary judgment nonmovants shoulder the same obligation. District courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties. This can be accomplished, however, without excusing them from the most basic requirement that they file a response.

*Bookman*, 945 F. Supp. at 1005; *accord Johnson v. Herzog Transit Servs., Inc.*, No. 3:11-cv-803-D, 2013 WL 164222, at *1-*2 (N.D. Tex. Jan. 15, 2013).

## Analysis

Plaintiff's causes of action are essentially all based on a claim to quiet title in his name. In a suit to quiet title, a plaintiff must establish "a right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App. – Houston [1st Dist.] 2009, pet. denied). In Texas, the elements of the cause of action to quiet title are "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Metcalf v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-cv-3014-D, 2012 WL 2399369, at *7 (N.D. Tex. June 26, 2012). The plaintiff has the burden ultimately of establishing his "superior equity and right to relief," *Hahn*, 321 S.W.3d at 531; *accord Hudson v. JP Morgan Chase Bank, N.A.*, 541 F. App'x 380, 385 (5th Cir. 2013), and must rely on the strength of his or her own title, not the weaknesses of the defendant's title, *see Singha v. BAC Home Loans Servicing, L.P.*, ___ Fed.Appx. ____, 2014 WL 1492301, at *5 (5th Cir. Apr. 17, 2014) ("A suit to quiet title is an equitable action in which a plaintiff must prove and recover on the strength of his own title, not the weakness of his adversary's.").

"Trespass to try title is a statutory action with specific pleading requirements." *Id.* "To succeed, the 'Plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitation, or (4) prove title by prior possession coupled with proof that possession was not abandoned.'" *Id.* (quoting *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex.

2004)). "Like in a suit to quiet title, the plaintiff must 'prevail on the superiority of his title, not the weakness of a defendant's.'" *Id.* (quoting *Martin*, 133 S.W.3d at 265).

Plaintiff's only allegations with respect to his alleged superior title are that "the defendant *never* accepted and caused to be recorded a certain Deed of Trust signed by Catalina Bartolo and Pedro B. Hernandez" and that the Deed of Trust "is in fact invalid and of no force or effect." Dkt. No. 1-3 at 3-4. Plaintiff also states that he "will show that the person who executed the document had no title or interest in the property described and had no authority, actual or apparent, to encumber the plaintiff's property" and that "the Deed of Trust document as filed in the Dallas County Recorder's Office does not bear any Acceptance by signature of Defendant." *Id.* at 4. Plaintiff does not, however, expand on these allegations or produce any evidence in support of his claims.

In fact, Plaintiff's claims contradict themselves – stating at one point that the Deed of Trust was never recorded and then later stating that the recorded Deed of Trust was invalid and does not bear Defendant's acceptance. Plaintiff's statements also contradict the evidence attached to his Petition and Defendant's Motion for Summary Judgment.

Plaintiff fails to allege facts or present evidence that shows his superior title. Instead, Plaintiff challenges Defendant's title by arguing that Defendant did not properly record the Deed of Trust and had no title or interest in the Property. *See* Dkt. No. 1-3 at 3-4. Neither Plaintiff's bare bones allegations nor his challenges to Defendant's interest demonstrate a superior title. At best, the allegations attack the

-8-

strength of Defendant's title, which will not suffice to carry Plaintiff's burden on either a quiet-title or a trespass-to-title claim.

And, even if the allegations were sufficient to support a claim of superior title, the evidence – the Note and the Deed of Trust – contradict Plaintiff's allegations, demonstrating that the documents were properly recorded and were properly assigned. Thus, Defendant has cited a fact and supported it with evidence, and Plaintiff has not controverted that fact with his own evidence. Accordingly, the Court may accept Defendant's facts as true. *See Eversley*, 843 F.2d at 174; *Bradley*, 2004 WL 2847463, at *1 n.2.

Moreover, Plaintiff's claims fail to demonstrate how the Deed of Trust is invalid. The summary judgment evidence demonstrates that the Deed of Trust was in fact recorded in the Real Property Records of Dallas County, Texas on March 6, 2001 under Instrument No. 200104601600. *See* Dkt. No. 8-3 at 1-13, 13. The Deed of Trust was signed by the Borrowers, and Plaintiff does not allege or put forth any evidence of facts demonstrating that the Borrowers lacked the authority to execute the document or that the signatures are otherwise invalid. Without evidence contradicting Defendant's evidence and assertions, the undersigned concludes the Note was properly endorsed to Defendant and that the Deed of Trust was properly assigned to Defendant. *See Eversley*, 843 F.2d at 174; *Bradley*, 2004 WL 2847463 at *1 n.2.

Plaintiff's suit to quiet title fails as a matter of law. Plaintiff failed to present evidence that established a genuine dispute as to any material fact to the contrary exists, and the evidence supplied by Defendant supports this finding. Defendant's

Motion for Summary Judgment on Plaintiff's suit to quiet title should be granted.

Plaintiff also seeks a declaratory judgment based on his suit to quiet title. Defendant seeks summary judgment on Plaintiff's request for declaratory judgment because a request for a declaratory judgment is not an independent claim that can stand where all of Plaintiff's causes of action are dismissed. *See* Dkt. No. 7 at 6-7.

The federal Declaratory Judgment Act ("FDJA") allows a federal court to declare the rights and legal relations of an interest party. *See* 28 U.S.C. §§ 2201-2202; *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 769 (N.D. Tex. 2012). The availability of a declaratory judgment, however, "presupposes the existence of a judicially remedial right." *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). The FDJA is a procedural device that creates no substantive rights. *See Aetna Life Ins. Co v. Haworth*, 300 U.S. 227, 239-41 (1937). Consequently, the FDJA provides no relief unless there is a justiciable controversy between the parties. *See id.* A plaintiff must therefore allege a "substantial and continuing" controversy, which the Fifth Circuit has likened to the Article III standing requirement of an existing case or controversy. *See Bauer v. Tex.*, 341 F.3d 352, 358 (5th Cir. 2003). "The Plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred." *Id.* And, further, a request for declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action. *See Naddour v. Nationstar Mortg., LLC*, No. 3:11-cv-1096-B, 2012 WL 4473127, at *7 (N.D. Tex. Sept. 27, 2012).

Plaintiff has failed to present evidence, or even allege facts, demonstrating a justiciable controversy. For these reasons, summary judgment should be granted, and

Plaintiff's declaratory judgment claim should be dismissed.

Finally, to recover attorneys' fees, Plaintiff must prevail on a cause of action for which attorneys' fees are recoverable and recover damages. *See, e.g.*, *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997). Because Plaintiff's causes of action all fail, and he is therefore not entitled to recover damages, he cannot recover attorneys' fees. Accordingly, summary judgment should be granted, and Plaintiff's attorneys' fees claim should be dismissed.

## Recommendation

Defendant has presented sufficient evidence that neither summary judgment evidence nor Plaintiff's allegations support Plaintiff's claims, and, as such, no genuine dispute as to any material fact exists. Defendant's Motion for Summary Judgment [Dkt. No. 6] should be granted, and Plaintiff's case should be dismissed with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 6, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE